UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHAEL TEW,

       Plaintiff,

    v.

QX RESOLUTION CO. LLC,
QUANTX HOLDINGS LTD.,
QUANTX MANAGEMENT LLP, and
DOUGLAS VON ALLMEN
       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 16-CV-8654

**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff Michael Tew, by his attorneys, Creizman PLLC, for his complaint, alleges as follows:

### STATEMENT OF FACTS

1.    From approximately July 2013 until August 2014, Michael Tew was the Managing Member of QuantX Management LLC, which served as the United States base of operations for QuantX Management LLP, a United Kingdom registered investment advisor. Tew was also a Member of the Management Committee and the Investment Committee of QuantX Management LLP. Together, QuantX Management LLC and QuantX Management LLP (collectively, "QuantX Management") provided global portfolio management services from their respective offices in New York City and London.

2.    In or about August 2014, QuantX Management was reorganized under the corporate entity QuantX Holdings Ltd. QuantX Management LLP became a subsidiary of QuantX Holdings Ltd., a company organized under the laws of Bermuda. As part of

1

the reorganization, QuantX Management LLC and Tew would no longer be involved in operating QuantX Management.

3.      On or about August 8, 2014, a series of agreements were executed between Tew and the new QuantX Management business (QuantX Holdings and QuantX Management LLC) formalizing their separation.  For his part, Tew agreed to resign from his management positions in QuantX Management, to cause QuantX Management LLC to cease from taking any actions on behalf of QuantX Management, and to release any claims against QuantX Management.

4.      In exchange, QuantX Management agreed to retain Tew as a consultant for a monthly fee of $10,000, reimburse expenses incurred in connection with his work as a consultant.  Furthermore, in order to settle Tew's claims for business expenses he personally incurred out of pocket on behalf, and in furtherance of the business of QuantX Management, QuantX Management agreed to reimburse Tew in the amount of $63,012.08.

5.      As would later become evident, Defendants never intended to honor the obligations to Tew under the release agreement.  Indeed, Defendants stopped paying Tew, and breached their promises to him, shortly after the execution of the agreement, while still funding payroll for their executives and staff and paid myriad expenses of QuantX Management.  In the meantime, Tew had no choice but to pay tens of thousands of dollars of expenses to vendors which the reorganized QuantX Management office was required to pay, and left Tew holding the bag.

6.      Under the separation and release agreement, QuantX Management also "confirm[ed] that as of the date of [the separation and release agreement]," it was "not

aware of any claims or causes of action they may have against" Tew. QuantX Management also confirmed that Tew "has acted in good faith on behalf of the QX Entities during his period of consultation."

7. After Tew left QuantX Management, QuantX Management's business deteriorated and its operations were shuttered in or about December 2014.

8. In order to prevent QuantX Management from going into bankruptcy due to substantial creditor claims against it, Defendant Douglas Von Allmen, a substantial investor in QuantX Management formed a Delaware LLC, QX Resolution Co. LLC to purchase the liabilities of QuantX Management that Von Allmen decided to make whole.

9. These "purchases" by QX Resolution Co. and Von Allmen were nothing more than fraudulent conveyances to friends, close business associates, and vendors whom Von Allmen feared might put QuantX Management into bankruptcy, thereby exposing certain principals and shareholders of QuantX Management to potential criminal and regulatory investigations, as well as shareholder class actions.

10. Indeed, Von Allmen had invested tens of millions of dollars into Liquid Holdings Group Inc., a would-be software provider to hedge funds, that was about to go public. After Liquid went public and its stock price faltered, Von Allmen invested tens of millions of dollars into QuantX Management so that it would purchase Liquid's software and increase its customer base and ramp up sales for Liquid. *See, e.g.,* Neil Weinberg, "Tech Firm Serving Hedge Funds Shows Perils in Money-Losing IPOs," *Bloomberg*, Sept. 1, 2015.[1]

---

[1] http://www.bloomberg.com/news/articles/2015-09-01/tech-firm-serving-hedge-funds-shows-perils-in-money-losing-ipos

11. In late 2014 and early 2015, Liquid disclosed that QuantX Management was delinquent in payments owed to Liquid under their software services agreement, and consequently, Liquid's stock price plummeted, resulting in class action lawsuits filed against Liquid. *See, e.g., Robert De Vito v. Liquid Holdings Group, Inc., et al.*, 2:15-CV-6969 (KM) (JBC) (DNJ). Von Allmen and his cohorts were named as defendants, in part because of their omissions to Liquid's investors about QuantX Management's insolvency and inability to pay Liquid's invoices.

12. Determined to avoid further scrutiny, and exposure of his role in possible irregularities in the books, records, financial transactions, and operations of QuantX Management, and to prevent law enforcement and investors from unearthing further proof of his role in the alleged Liquid Holdings fraud, Von Allmen sought to avoid QuantX Management's bankruptcy. Accordingly, Von Allmen picked and chose the creditors who he believed had the resources and will to sue QuantX Management and cause its bankruptcy, and paid them off—of course, not in full, but negotiated a favorable discount for himself, along with a release of him, his cohorts, and QuantX Management from future civil claims.

13. Von Allmen has refused to authorize QX Resolution Co. to pay Tew for his legitimate claims against QuantX Management, knowing that Tew and his wife lost all of their personal savings paying expenses that rightfully should have been paid by QuantX Management. Von Allmen believed that Tew would never sue him, counting on Tew's struggling financial investments. Like many of his other failed investments, Von Allmen bet wrong.

14. Tew incurred over $1,000,000 in documentable losses that he incurred in connection with his employment by, and services provided to QuantX Management.

**PARTIES**

15. Plaintiff Michael Tew is a citizen of the State of New York

16. Defendant QX Resolution Co. LLC is a limited liability company formed under the laws of the State of Delaware, and is a citizen of the state of Florida. QX Resolution Co. was formed to pay creditors of Defendants QuantX Holdings Ltd. and QuantX Management LLP in order to hinder, delay, and defraud Plaintiff and other creditors of QuantX Holdings, Ltd.

17. Moreover, QX Resolution Co.'s exclusive source of income is funding by Douglas Von Allmen for the sole purpose of selectively paying creditors of QuantX Management. Accordingly, QX Resolution Co., LLC is an alter-ego of QuantX Holdings Ltd., and QuantX Management LLP.

18. Defendant QuantX Management Ltd. is a corporation formed under the laws of Bermuda. Its principal place of business is located in the State of Florida.

19. Defendant QuantX Management LLP is a limited liability partnership formed under the laws of the United Kingdom.

20. Defendant Douglas Von Allmen is a citizen of the State of Florida. Von Allmen formed QX Resolution Co. LLC in order to further his own personal and business interests in causing QuantX Management to avoid bankruptcy, as well as potential criminal and regulatory investigations and further civil litigation against him. For these reasons, and the reasons set forth above in Paragraphs 15 and 16, Von Allmen is an alter-ego of QX Resolution Co. LLC.

## JURISDICTION AND VENUE

21. Jurisdiction is conferred over this action pursuant to 28 U.S.C. § 1332 (a)(1) because the amount in controversy exceeds $75,000 and the Plaintiff and Defendants are citizens of different states.

22. Venue is proper in this District because the acts and omissions of the Defendants giving rise to the claims herein were directed towards, and caused serious injury to, a then-resident of this District and occurred in this District.

## FIRST CAUSE OF ACTION
### Unjust Enrichment

23. Plaintiff realleges each and every prior allegation herein.

24. Defendants have failed to make restitution to Plaintiff for property and benefits QuantX Management received under such circumstances as there is a legal and equitable obligation to account for the property and benefits, and such payment has not been made to Plaintiff for his property and services.

25. Defendants are liable for the obligations of QuantX Management.

26. Defendants have been unjustly enriched thereby.

27. As a direct and proximate result of Defendants' wrongful, Plaintiff has been damaged.

## SECOND CLAIM FOR RELIEF
### Quantum Meruit

28. Plaintiff realleges each and every prior allegation herein.

29. Plaintiff incurred expenses and performed services in good faith, which QuantX Management accepted, and Plaintiff expected reimbursement of his expenses and compensation of his services.

6

30. Defendants are liable for the obligations of QuantX Management.

31. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged.

### THIRD CLAIM FOR RELIEF
### Promissory Estoppel

32. Plaintiff realleges each and every prior allegation herein.

33. QuantX Management made a clear and unambiguous promise to reimburse Plaintiff's expenses.

34. Plaintiff reasonably and foreseeably relied on that promise.

35. Defendants liable for the obligations of QuantX Management.

36. As a direct and proximate result of the Defendants' conduct, Plaintiffs have been damaged.

### FOURTH CLAIM FOR RELIEF
### Breach of Contract

37. QuantX Management entered into a written contract to pay Plaintiff $10,000 per month plus reimbursement of expenses in exchange for Plaintiff's consulting services.

38. Plaintiff performed under the contract.

39. QuantX Management breached the contract, which caused Plaintiff damages.

40. Defendants are liable for the obligations of QuantX Management.

41. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A. An order awarding Plaintiff actual, compensatory, and treble damages in an amount to be determined at trial, and no less than $1,000,000.

B. Because Defendants acts were wanton, reckless, and malicious, and to punish Defendants and protect society against similar acts, an order awarding Plaintiff punitive damages in an amount to be determined at trial.

C. An order awarding Plaintiff the costs of this suit, including attorneys' fees.

D. An order awarding such other and further relief as this Court deems necessary and appropriate.

Dated: New York, New York
November 7, 2016

By: /s/ Eric M. Creizman
Eric M. Creizman (EC-7684)
565 Fifth Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 972-0200
Facsimile: (646) 200-5022
Email: ecreiz@creizmanllc.com

*Attorneys for Plaintiff
Michael Tew*